ARKANSAS STATE HIGHWAY COMM'N *v.*
CHARLES L. LINDSEY, LOWELL ADAMS AND
ELIZABETH ADAMS, HIS WIFE

5-5682                                    476 S.W. 2d 239

Opinion delivered February 14, 1972

*Thomas B. Keys* and *Hubert E. Graves,* for appellant.

*Butler & Hickey,* for appellees.

CARLETON HARRIS, Chief Justice. This appeal relates to judgments entered in the St. Francis Circuit Court in an eminent domain action. Portions of property belonging to Charles Lindsey (Tract 13) and Lowell Adams (Tract 19) were taken for the widening and building of shoulders on State Highway 1. During the trial, Dennis Jarratt, a witness on behalf of appellees, testified that just north of the Adams property there was a driveway which, prior to construction, had no culvert under it and that this driveway forced water in a northerly direction for 200 feet at which point the water went into a culvert and over onto the east side of the highway. Jarratt said that after the construction, the plans for which called for a culvert under the driveway, the water came down the west barrow pit ditch of the highway and caused a water problem on the Adams property making it less valuable. Counsel for the department questioned the witness relative to construction plans, and specifically asked Jarratt if he had looked at the profile sheets.[1] No specific reply was given by the witness, but judging from his answer, it appears that he had not looked at these sheets, and counsel stated to the court that he would like for the sheets to be placed in evidence. The record then reveals the following:

"THE COURT: What is the materiality of it?

MR. GRAVES: The materiality, Your Honor, is that I would like to cross examine the witness further from these plans, from these sheets, and I would like to put it in evidence so we can have it explained to the jury.

THE COURT: Well, nobody is suing the contractor.

---

[1] These reflect elevations.

MR. GRAVES: I understand that.

THE COURT: And there is no claim here that they didn't build it according to plan, is there?

MR. GRAVES: I understand that. This witness testified that it was done according to plans.

THE COURT: I don't see why the plans would be material.

MR. GRAVES: Is the Court ordering not to put it in evidence?

THE COURT: No, sir, I'm not, but I don't see any use in putting it in.

MR. GRAVES: Then you are telling me—well, could we go in chambers?

THE COURT: No, go ahead and put them in."

Counsel for the commission then stated that he would like to make a motion in chambers, and after the court and counsel for the parties had retired to chambers, counsel for the commission moved for a mistrial.

"Mr. GRAVES: I'm moving on the grounds that your statement as to the materiality of my placing these plans in evidence is a comment on the evidence."

The court overruled the motion, and the trial was resumed in the courtroom where the highway commission's attorney questioned the witness rather thoroughly with reference to the exhibits offered (the profiles having already been introduced as earlier pointed out).

We do not agree that the court's statements constituted a comment on the evidence, and thus necessitate a reversal of the judgment. The court made exactly three remarks, first "What is the materiality of it?", second, "I don't see why the plans would be material", and third, when asked if the court was ordering that

the profiles not be placed in evidence, replied, "No, sir, I'm not, but I don't see any use in putting it in". As authority, appellant cites *Fuller* v. *State*, 217 Ark. 679, 232 S. W. 2d 988, and *Western Coal & Mining Co.* v. *Kranc*, 193 Ark. 426, 100 S. W. 2d 676. In *Fuller*, the Circuit Judge said:

"Just a minute, Mr. Batchelor, we will take too much time here if you expect to prove the reputation of Fuller by this teacher. There is no need to go into all of this. Now you can spend a lot of time on a man's acquaintances and visits and all that. But that wouldn't help the jury and it isn't admissible here. * * *

Well, it is just taking up the time of the jury for nothing. He could talk about his football players from now until tomorrow night but that would not help the jury in deciding this matter. * * *

At this time these men here on the jury have something else to do besides listen to that. They want to try this case, and it is my duty to confine the testimony to points that are material."

The opinion recites that there were several other interruptions of the same general tenor as those just quoted. In *Western Coal & Mining Co.*, while defense counsel was attempting to refute testimony given by plaintiffs, and while one of the witnesses was testifying, the court interrupted counsel, saying:

"Let him go, this is an imposition on the jury. It appears to me the jury understands the facts of this case, both theories. Why take further time describing the damages to this place, you have had six witnesses, and I allowed them five on the Kranc case."

When counsel stated that there were a number of other witnesses he desired to present, the court commented:

"I will let you use what you have, but it looks to me like just taking time. They are intelligent gentle-

men and don't have to be told a dozen times, they can understand."

The remarks made by the trial judge in the instant case do not, in our view, even come close to approaching the import of the language used in the two cases just cited. In the first place, there were not repeated interruptions as in *Fuller*, all remarks being made within the space of a minute or so. The first remark was simply a question by the court in asking the materiality of the evidence. The second remark certainly was not much more than the court stating that it needed further information before it could determine whether the plans were material. Finally, though the judge did not personally understand the relevancy of the evidence, he did permit counsel to introduce the profiles. At no time did the court state that the jury was being imposed upon, or that counsel was "just taking up time" in placing the exhibits in the record. In fact, the remarks of the court in the two cases cited and in the instant case are so different in what they convey to the jury, that we deem it unnecessary to further distinguish between them.

Affirmed.